UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE THOMAS FACCHIN,<br><br>    Plaintiff,<br><br>    v.<br><br>SEAN KELLY, *et al.*,<br><br>    Defendants. | Case No. 1:21-cv-00289-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 1)<br><br>**FOURTEEN (14) DAY DEADLINE**<br><br>Clerk of Court to assign a district judge. |

    Plaintiff Kyle Thomas Facchin is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action mis-filed under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).  On March 1, 2021, Plaintiff filed a complaint alleging Defendant Sean Kelley subjected him to excessive force and unknown officers failed to protect him, in violation of his Eighth Amendment right to be free from cruel and unusual punishment.  (Doc. 1.)  Upon screening of the complaint, the Court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted and must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 28 § 1915A(b)(1).  The Court further finds the deficiencies in the complaint cannot be cured by amendment and therefore recommends dismissal of this action.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner raises claims that are frivolous or malicious, fail to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); 28 U.S.C. § 1915A(b). These provisions authorize the court to dismiss a frivolous in forma pauperis complaint sua sponte. *Neitzke v. Williams*, 490 U.S. 319, 322 (1989). Dismissal based on frivolousness is appropriate "only if the petitioner cannot make any rational argument in law or fact which would entitle him or her to relief." *Id.* at 322–23. The Court must dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984)). The Court accepts Plaintiff's allegations in the complaint as true for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

## II. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must give the defendant fair notice of the plaintiff's claims and the grounds supporting the claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id.* (citing *Twombly*, 550 U.S. at 555).

///

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). This liberal pleading standard applies to a plaintiff's factual allegations but not to his legal theories. *Neitzke*, 490 U.S. at 330 n.9. Moreover, a liberal construction of the complaint may not supply essential elements of a claim not pleaded by the plaintiff, *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (*Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 (9th Cir. 2008)). The mere possibility of misconduct and facts merely consistent with liability is insufficient to state a cognizable claim. *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Dismissal of a *pro se* complaint without leave to amend is proper only if it is "absolutely clear that no amendment can cure the defect." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212–13 (9th Cir. 2012)); *see Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

**B.   Linkage and Causation**

To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373–75 (1976). The plaintiff can satisfy the causation requirement by showing either: (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018); *see also Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.") (citation omitted).

### III. PLAINTIFF'S ALLEGATIONS

On January 11, 2020, Plaintiff was exiting the cafeteria when Defendant Sean Kelley ("Sgt. Kelley" or "Defendant") ordered Plaintiff to step aside for a pat-down. Sgt. Kelley noticed Plaintiff had pockets sewn into the seams of his pants and ordered Plaintiff to tear out the pockets. Plaintiff tore out his left pocket but was unable to tear off the right pocket. Plaintiff told Sgt. Kelley that he was not wearing underwear and asked to return to his dorm, change pants, and bring back the pants he was wearing. Sgt. Kelley denied the request.

According to Plaintiff, Sgt. Kelley then forcibly grabbed Plaintiff's right pocket, pulled out a knife, and cut out the pocket while Plaintiff was still wearing the pants. "The knife was inches away from [his] genitalia." At the core of Plaintiff's claims, Plaintiff alleges Sgt. Kelley's "knife slipped and cut a 3 inch gash in the pants and cutting the skin on my thigh." The holes cut into his pants exposed his genitalia "to a full chow hall of prisoners as well as a female correctional officer standing 3 feet away." Unknown officers present did not intervene in the incident but instead joked with Sgt. Kelley about Plaintiff's nudity as Plaintiff was exiting the dining hall.

Two days later, Plaintiff was exiting the dining hall when he was pulled aside again by Sgt. Kelley for a pat-down. Sgt. Kelley referred to Plaintiff as "the pockets guy" and joked about the matter with correctional officers ("CO").

On March 1, 2021, Plaintiff filed a complaint asserting Defendants violated the Eighth Amendment's prohibition on cruel and unusual punishment. In his first claim, Plaintiff asserts an excessive force claim against Defendant Kelley. Plaintiff alleges he suffered a cut on his thigh, emotional distress, frequent nightmares, and psychological trauma. The second claim asserts against unknown correctional officers for their failure to intervene or protect Plaintiff from the assault by Sgt. Kelley, resulting in "[e]motional distress, psychological distress—past and future." As relief, Plaintiff seeks compensatory and punitive damages.

### IV. DISCUSSION

#### A. 42 U.S.C. § 1983 and *Bivens*

Prisoners may bring claims under 42 U.S.C. § 1983 for violations of constitutional or

1    other federal rights by persons acting "under color of state law."  A civil rights action under 42
2    U.S.C. § 1983 is the proper remedy for a constitutional challenge to the conditions of
3    imprisonment.  *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1848, 198 L. Ed. 2d 290 (2017) ("In 42 U.S.C.
4    § 1983, Congress provided a specific damages remedy for plaintiffs whose constitutional rights
5    were violated by state officials"); *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("[A] § 1983
6    action is a proper remedy for a state prisoner who is making a constitutional challenge to the
7    conditions of his prison life, but not to the fact or length of his custody.").

8    An action under *Bivens* is the federal analog to suits brought against state officials under
9    42 U.S.C. § 1983.  *Iqbal*, 556 U.S. at 675–76 (citing *Hartman v. Moore*, 547 U.S. 250, 254, n.2
10   (2006)).  Under *Bivens*, a plaintiff may sue a federal officer in an individual capacity for
11   damages for violating the plaintiff's constitutional rights.  *See Bivens*, 403 U.S. at 397.  To state
12   a claim under *Bivens*, a plaintiff must allege: (1) a right secured by the Constitution of the United
13   States was violated, and (2) the alleged violation was committed by a federal actor.  *See Lanuza*
14   *v. Love*, 899 F.3d 1019, 1021 (9th Cir. 2018).

15   Here, Plaintiff improperly filed his complaint under *Bivens*.[1]  Defendants are officers at
16   the Sierra Conservation Center, a state facility.  Because Defendants are state actors, Plaintiff's
17   claims arise under section 1983.  With this pleading error, while curable,[2] the complaint fails to
18   state a claim.

19   **B.    Excessive Force**

20   The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S.
21   Const. amend. VIII.  "It is undisputed that the treatment a prisoner receives in prison and the
22   conditions under which he is confined are subject to scrutiny under the Eighth Amendment."
23   *Helling v. McKinney*, 509 U.S. 25, 31 (1993).  "In its prohibition of 'cruel and unusual
24   punishments,' the Eighth Amendment places restraints on prison officials, who may not . . . use
25   excessive physical force against prisoners."  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  The

---

[1] The first page of the form civil rights complaint has boxes to indicate whether the action is brought under section 1983 or *Bivens*.  Plaintiff placed an "X" in the box indicating a *Bivens* action.

[2] Amendment of the complaint would be futile for the substantive reasons discussed herein.

"unnecessary and wanton infliction of pain" on prisoners "constitutes cruel and unusual punishment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation marks and citation omitted). "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer*, 511 U.S. at 834 (internal quotation and citation omitted).

A correctional officer engages in excessive force in violation of the Eighth Amendment if he (1) uses excessive and unnecessary force under all the circumstances; and (2) harms an inmate for the purpose of causing harm, rather than in a good-faith effort to maintain security. *Hoard v. Hartman*, 904 F.3d 780, 788 (9th Cir. 2018); *see Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992) ("[W]henever prison officials stand accused of using excessive physical force . . . the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."). When determining whether the force was excessive, the Court looks to the extent of the injury suffered by an inmate; the need for use of force; the relationship between the need for force and the amount of force used; whether prison officials reasonably perceived the threat as requiring the use of force; and whether officials made any efforts to use a less forceful response. *Hudson*, 503 U.S. at 7 (quoting *Whitley*, 475 U.S. at 321).

While a correctional officer may not use excessive force, officers may use some measure of force if an inmate refuses a valid order or prison rule. *Whitley*, 475 U.S. at 320; *LeMarie v. Maass*, 12 F.3d 1444, 1452 (9th Cir. 1993). The appropriateness of the use of force is determined by the particular facts and circumstances of each case. *See Michenfleder v. Summer*, 860 F.2d 328, 336 (9th Cir. 1988). *De minimis* use of physical force generally does not implicate the Eighth Amendment; however, significant injury need not be evident to sustain an excessive force claim. *Hudson*, 503 U.S. at 9; *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (stating that the Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries). Because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the Court must be deferential to the conduct of prison officials. *See Whitley*, 475 U.S. at 321–22.

In this case, Plaintiff does not contend that Sgt. Kelley's pat-down or order to remove the pockets was improper.[3]  Rather, Plaintiff explains that he complied by tearing out the left pocket, attempting to tear out the right pocket, and offering to change out of the pants.  Although Defendant "forcibly" grabbed and cut out the right pocket, thereby cutting Plaintiff's thigh, the force used was not excessive under the circumstances.  Before taking any physical action, Defendant gave Plaintiff an opportunity to tear out the right pocket himself, as Plaintiff had done with the left pocket.  Only after Plaintiff was unable to tear out the pocket did Defendant pull out a knife and use some measure of force to remove the pocket.  The factual allegations indicate that Defendant used no more force than necessary to remove the pocket, and the use of force was justified by legitimate penological interest in maintaining security and enforcing prison regulations.  Thus, Plaintiff has failed to meet the first prong of his claim, that Sgt. Kelley used excessive and unnecessary force against him.

Plaintiff also fails to meet the second prong of an Eighth Amendment excessive force claim, which requires that the prison official's use of force was applied maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore safety or discipline. (*Id.* at 6–7.)  By Plaintiff's allegations, as Sgt. Kelley was cutting off the right pocket, Sgt. Kelley's knife "slipped."  (Doc. 1 at 3.)  Even under a liberal construction, this factual allegation indicates that the resulting three-inch gash in Plaintiff's pants, exposure of his genitalia, and the cut on his thigh were accidental rather than an intentional, malicious, and sadistic act intended to cause harm.  Although a significant or serious injury is not necessary to state a claim for relief, the cut on Plaintiff's thigh was *de minimis* and insufficient to substantiate allegations that Sgt. Kelley acted with sadistic, malicious intent to cause harm when removing the pocket from Plaintiff's pants.  *See Hudson*, 503 U.S. at 7–10; *see also Harris v. Parks*, No. 1:19-cv-00429-JLT-HBK (PC), 2022 WL 2110748, at *5 (E.D. Cal. June 10, 2022), *F. & R. adopted*, 2022 WL 2488454 (E.D. Cal. July 6, 2022) (where plaintiff purportedly received a

---

[3] Under California regulations, inmates are prohibited from altering state-issued clothing without specific authority to do so.  Cal. Code Regs. tit. 15, § 3032.

1 laceration, unspecified bone pain, and bruises when his clothing was cut off with a pair of
2 scissors, the injuries did not substantiate a claim of malicious or sadistic use of force because
3 there was no allegation "that the force used was gratuitous or without reason"); *cf. Bamdad v.*
4 *Benov*, No. CV 13-00296-PSG (DFM), 2022 WL 1508977, at *5 (C.D. Cal. Feb. 14, 2022), *F. &*
5 *R. adopted*, 2022 WL 1500993 (C.D. Cal. May 9, 2022) (holding that cut on wrist, resulting from
6 handcuffing, healed in ten days did not satisfy the physical injury requirement).[4]

### C. Failure to Protect

Plaintiff alleges in his second claim that unknown officers failed to intervene while he was being assaulted by Sgt. Kelley. (Doc. 1 at 4.) Then, as Plaintiff was exiting the dining hall, these officers joked with Sgt. Kelley about Plaintiff's partial nudity. (*Id.*)

A prison official may be liable under section 1983 if he is aware that a fellow officer is violating a prisoner's constitutional rights but fails to intervene. *See Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000) ("[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen.") (quoting *United States v. Koon,* 34 F.3d 1416, 1447 n.25 (9th Cir. 1994), *rev'd on other grounds,* 518 U.S. 81, 116 (1996). To state a cognizable Eighth Amendment claim based on a failure to protect, a prisoner must reasonably allege that the named defendant knew of but disregarded an excessive risk to plaintiff's health or safety. *Farmer*, 511 U.S. at 837. There must be evidence which shows that a defendant acted with a "sufficiently culpable state of mind." *Hearns v. Terhune*, 413 F.3d 1036, 1041-42 (9th Cir. 2005). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842 (citations omitted).

---

[4] Similarly, the cut on Plaintiff's thigh would not satisfy the physical injury requirement to support his claims of emotional and psychological distress and trauma. A plaintiff cannot recover for "mental distress and pain and suffering" unless he sustained some physical injury that was more than *de minimis*. 42 U.S.C. § 1997e ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002) (holding that plaintiff must show more than *de minimis* physical injury under PLRA).

8

As discussed above, Sgt. Kelley's actions did not create a substantial risk of serious harm or constitutional violation that would require protection by the other COs. Plaintiff indicates that Sgt. Kelley used his knife for "about thirty seconds" before the knife slipped. Under these circumstances, no duty arose for these COs to intercede, and Plaintiff's claim for failure to protect must be dismissed.

### D. Bodily Privacy

To the extent that Plaintiff complains that his genitalia was exposed to other inmates in the dining hall and a female correctional officer only three feet away, the Ninth Circuit has recognized and applied in the prison setting a privacy interest in "shielding one's naked body from public view." *Grummett v. Rushen*, 779 F.2d 491, 494 (9th Cir. 1985) (discussing and following *York v. Story*, 324 F.2d 450 (9th Cir. 1963), *cert. denied*, 376 U.S. 939 (1964)). In *York*, the Ninth Circuit established a Fourteenth Amendment Due Process right to bodily privacy, reasoning: "We cannot conceive of a more basic subject of privacy than the naked body. The desire to shield one's unclothed figured from view of strangers, and particularly strangers of the opposite sex, is impelled by elementary self-respect and personal dignity." *York,* 324 F.2d at 455.

When the viewing of unclothed male inmates by female guards is infrequent and irregular—and does not involve close and prolonged surveillance of nude inmates, such as in the showers—the intrusion into privacy does not rise to a constitutional level. *See also Grummett*, 779 F.2d at 495–96 (finding claims that surveillance by female guards involving occasional viewing of disrobed male inmates, even if treated as a bodily search, was not unreasonable or prohibited by the Fourth Amendment). In *Grummett*, prisoners challenged a policy that allowed female officers to view male prisoners while disrobing, showering, and using toilet facilities. The Ninth Circuit found that the inmates had not demonstrated "restricted observations by members of the opposite sex [were] so degrading as to require intervention by this court." *Id.* at 495.

In *Michenfelder v. Sumner,* 860 F.2d 328 (9th Cir. 1988), a male inmate complained that routine visual body cavity searches were sometimes performed within view of female guards,

9

and female guards were assigned to shower duty. *Id.* at 334. Although the Ninth Circuit recognized "a prisoner's limited right to bodily privacy," the court found no violation of the Fourth and Eighth Amendments.

In this case, Plaintiff complains about his "nudity in the chow hall" and alleges that Defendant's actions "left [his] genitalia completely visible to a full chow hall of prisoners as well as a female correctional officer standing 3 feet away." The Court infers from this allegation that the female correctional officer actually saw Plaintiff's exposed genitalia. Nonetheless, the allegations in the complaint describe an isolated occurrence. Plaintiff's exposure was brief and incidental to Defendant's efforts to remove the offending pocket from Plaintiff's pants. And there are not facts in Plaintiff's complaint suggesting any such limited exposure was degrading. *E.g.*, *Grummet*, 779 F.2d at 495. By Plaintiff's account, his exposure was limited to a three-inch cut in his pants. This minimal and brief intrusion into Plaintiff's bodily privacy did not rise to the level of a constitutional violation.

### E. Humiliation

Plaintiff complains that Sgt. Kelley and the other COs joked about Plaintiff's nudity. Construing these allegations liberally and to afford Plaintiff the benefit of any doubt, the Court has considered whether these allegations raise a cognizable conditions-of-confinement claim under the Eighth Amendment based on humiliation.

Allegations of harassment and intent to humiliate a prisoner do not usually state a cognizable claim in conditions of confinement cases. *O'Brien v. Reed*, No. 1:22-cv-00780-AWI-BAM (PC), 2022 WL 17082629, at *7 (E.D. Cal. Nov. 18, 2022). "Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson*, 503 U.S. at 9 (internal quotations and citations omitted). Thus, a court considering a humiliation claim must ask: 1) whether the officials acted with a sufficiently culpable state of mind; and 2) whether the alleged wrongdoing was objectively harmful enough to establish a constitutional violation. *Somers v. Thurman*, 109 F.3d 614, 622 (9th Cir. 1997), *cert. denied*, 522 U.S. 852 (citing, *inter alia*, *Hudson*, 503 U.S. at 8).

Assuming Plaintiff did suffer humiliation or embarrassment from his exposure and joking, the CO's behavior was not objectively harmful to support a constitutional claim.

## V.     CONCLUSION

After carefully consideration of Plaintiff's allegations, the Court finds that the complaint fails to state a claim on which relief may be granted.  Plaintiff has not sufficiently alleged any facts that support claims of constitutional violations by Defendant Kelley or the unidentified officers who joked with him at the dining hall exit.  Based upon the facts alleged, the Court further finds that the deficiencies cannot be cured by amendment, and further leave to amend would be futile.  *See Lopez*, 203 F.3d at 1130; *Noll v. Carlson*, 809 F.2d 1446, 1448–49 (9th Cir. 1987).

Accordingly, it is HEREBY RECOMMENDED:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted; and
2. The Clerk of Court be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Clerk of Court is DIRECTED to assign a district judge to this case.

IT IS SO ORDERED.

Dated:   **December 7, 2022**                              _____
                                                                                   UNITED STATES MAGISTRATE JUDGE